# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

---

In Re:    Louisiana Farm Bureau Casualty Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 671722.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY, McDONALD, THERIOT, AND CHUTZ, JJ.**

**WRIT GRANTED.**   The district court's January 6, 2020 judgment denying the Motion for Summary Judgment filed by Defendant, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), is hereby reversed.   When the existence of uninsured/underinsured ("UM") coverage under a policy of automobile insurance is at issue, the courts employ a two-step analysis: (1) the automobile insurance policy is first examined to determine whether UM coverage is contractually provided under the express provisions of the policy; (2) if no UM coverage is found under the policy provisions, then the UM statute is applied to determine whether statutory coverage is mandated. **Green ex rel. Peterson v. Johnson,** 2014-0292 (La. 10/15/14), 149 So.3d 766, 773-74.

Plaintiff, Charles Higgins, was issued a policy of insurance by Farm Bureau that contained a "furnished for regular use" exclusion.   Higgins was given a vehicle by his employer to use on a daily basis, and Higgins was driving that vehicle at the time of the accident.   Though Higgins is not guaranteed the same vehicle every day, he usually is assigned the same vehicle, which contains all of his tools and other items essential to completing his job.   Higgins equated his work-assigned vehicle to "your locker at work."   We find the "furnished for regular use" exclusion applies, and UM coverage is not afforded under the policy.   Our analysis then turns to whether the UM statute, La. R.S. 22:1295, mandates coverage.   "[I]n order for a tort victim to be entitled to statutory UM coverage, which would be an implied amendment to an automobile liability policy not expressly containing such coverage, the tort victim seeking UM coverage must qualify as a liability insured under the policy at issue." **Green,** 149 So.3d at 772, citing **Magnon v. Collins,** 98-2822 (La. 7/7/99), 739 So.2d 191, 195-96.   The "furnished for regular use" exclusion applies to the liability coverage portion of the policy as well, so Higgins was not liability insured under the express terms of the policy.   Therefore, statutory UM coverage is not available.   Accordingly, Higgins' bad faith claim also fails because there can be no such claim when a valid coverage exclusion is asserted.   See **Reed v. State Farm Mut. Auto. Ins. Co.,** 2003-0107 (La. 10/21/03), 857 So.2d 1012, 1021 ("The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense.").

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

For these reasons, we grant the Motion for Summary Judgment filed by Defendant, Louisiana Farm Bureau Casualty Insurance Company. The claims of Plaintiff, Charles Higgins, against Defendant, Louisiana Farm Bureau Casualty Insurance Company, are dismissed with prejudice.

**VGW**
**JMG**
**JMM**
**MRT**

**Chutz, J.,** dissents.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT